UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RUDI SIMMONS,
    Plaintiff,

vs.                                                                                    No. 07-1252

F. SHAW, et al
    Defendants

ORDER

    This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

    The plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated at Hill and Stateville Correctional Centers. The plaintiff has named six defendants including Hill Correctional Center Warden F. Shaw, Stateville Correctional Center Warden Terry McCann, Illinois Department of Corrections Director Roger Walker; Stateville Property Officer J. Alexander, Administrative Review Board Member Brian Fairchild and Counselor Winneck.

    There are several problems with the plaintiff's complaint. The body of the plaintiff's complaint does not state the basis of the plaintiff's claims. Instead, the plaintiff refers to "Exhibit A" which is a letter to potential counsel. In the letter, the plaintiff makes no reference to the named defendants. The Federal Rules of Evidence require that the plaintiff submit "a short and plain statement of his claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that "the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc*. 2002 WL 413172 at 4 (7th Cir. 2002) quoting *Davis v. Ruby Foods, Inc*., 269 F.3d 818, 820 (7th Cir. 2001). In order to put the defendants on notice, the plaintiff needs to state the involvement of the defendants in his claims.

    The plaintiff seems to be complaining about both the conditions of his confinement and the failure of the defendants to release him from prison on what he believes was the appropriate release date. In the relief section of his complaint, the plaintiff ask for both damages and his immediate release. While the plaintiff may bring a lawsuit pursuant to §1983 based on the conditions of his confinement, he cannot ask the court to order his release. If the plaintiff wishes to challenge the length of his confinement, he should filed an application for a writ of habeas corpus, pursuant to 28 U.S.C. Section 2254. See *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991). Therefore, the court will dismiss any claims concerning the length of his confinement.

1

In addition, the plaintiff is complaining about the treatment he received at two different correctional facilities: Stateville and Hill.  Venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b).  According to that statute, such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Only Hill Correctional Center is in the Central District of Illinois where the plaintiff chose to file this lawsuit.   Stateville Correctional Center is in the Northern District of Illinois and is the appropriate venue for those claims. The court cannot transfer the Stateville claims since the plaintiff chose to file all of his allegations in one complaint.  Therefore, the court will dismiss any claims involving Stateville Correctional Center and Defendants McCann and Alexander.

The plaintiff is also reminded that he MUST exhaust his administrative remedies for any claim he files pursuant to §1983.   The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
> 42 U.S.C. §1997e(a).

Finally, the plaintiff must name defendants that have some personal involvement with his claims.  The plaintiff needs to be aware that under §1983,  "a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. §1983." *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981).  In addition, the doctrine of *respondeat superior* (supervisor liability) does not apply.  *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "(A) supervising prison official cannot incur §1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right." *Vance v Peters,* 97 F.3d 987, 992 (7th Cir. 1996).

The court will dismiss the plaintiff's complaint.  Sections of the plaintiff's complaint either violate Rule 8 of the Federal Rules of Civil Procedure, were not filed in the proper judicial district or ask for relief that is not available in a §1983 lawsuit.  It appears the plaintiff may have a claim for damages alleging that defendants at Hill Correctional Center violated his Eighth Amendment rights based on his living conditions.  The court will give the plaintiff one brief opportunity to file an amended complaint.

The plaintiff's amended complaint must clearly state what the defendants did or did not do and may not ask for the plaintiff's release from prison.  If the plaintiff prefers only to address his release date, then he should not file his amended complaint pursuant to §1983, but instead should file an application for a writ of habeas corpus, pursuant to 28 U.S.C. Section 2254.
If the plaintiff fails to file his amended complaint or application for writ of habeas corpus as directed by the court, his case will be dismissed.

The court also notes that the plaintiff has filed a motion for appointment of counsel. [d/e 3]   Civil litigants have no federal right to appointed counsel.  The district court may request appointment of counsel

under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936.

The court is reluctant to appoint counsel in the beginning stages of a lawsuit until it is determined that the plaintiff has a meritorious claim.

> Lawyers who accept appointments to represent pro se plaintiffs in civil cases are not guaranteed any compensation. Thus, before this court takes the significant step of seeking out a lawyer willing to take the case, the court has an obligation to insure that the issues raised in a particular case are both substantial and meritorious. Further, the number of lawyers able to take court appointments is very limited. Thus, it is simply impossible to accommodate all of the requests of pro se plaintiffs, mostly prisoners, who request a lawyer. *King v. Frank,* 328 F. Supp.2d 940, 951 (W.D.Wis July 27, 2004).

The plaintiff in this case must first clearly articulate his claims. The motion is denied.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's complaint is dismissed as a violation of Rule 8, for failure to file some claims in the proper venue and for asking for relief that is not available under §1983. The court will dismiss defendants McCann and Alexander because the plaintiff cannot bring his claims involving Stateville Correctional Center in the Central District of Illinois. The clerk is directed to dismiss these two defendants and strike the plaintiff's original complaint.**

**2) The court will allow the plaintiff one opportunity to file an amended complaint. The plaintiff must file his amended complaint within 21 days of this order or his lawsuit will be dismissed.**

**3) The plaintiff's motion for appointment of counsel is denied. [d/e 3]**

Entered this 9th day of November, 2007.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE